IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. BK05-44184 |
| | ) | CH. 7 |
| FLORENCE JANELLE KAUFFMAN, | ) | |
| | ) | |
| Debtor. | ) | ADV. NO. A05-04114 |
| _____ | ) | |
| RONALD KAUFFMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| FLORENCE JANELLE KAUFFMAN, | ) | |
| and MBNA AMERICA BANK, N.A., | ) | |
| | ) | |
| Defendants. | ) | |

This matter was presented to the Court on the Amended Motion for Summary Judgment filed by Plaintiff, Ronald Kauffman (Filing #35), and the Objection to Motion for Summary Judgment filed by MBNA America Bank (Filing #36). For the reasons set forth below, Plaintiff's Motion for Summary Judgment is denied. Further, the Court finds that Plaintiff's Complaint should be dismissed as to Defendant MBNA America Bank. As to Defendant Florence Kauffman, the Complaint will be dismissed unless Plaintiff files an Amended Complaint within 20 days from the date of this Order.

Plaintiff and Debtor were divorced pursuant to a Decree of Dissolution of Marriage entered in the District Court of Dawson County, Nebraska, on January 18, 1994. As part of the Divorce Decree, Debtor was ordered to hold Plaintiff "harmless from the marital debt," which Plaintiff asserts includes certain credit card indebtedness owed to Defendant MBNA. On September 30, 2005, Debtor commenced a Chapter 7 bankruptcy proceeding, Case No. BK05-44184. As a result of such bankruptcy filing, Plaintiff commenced this adversary proceeding by filing his Complaint against Debtor objecting to the discharge of the MBNA debt and other debt.[1] Plaintiff amended his Complaint on December 27, 2005 (Filing #4), but the proceeding was still only against Debtor and only raised the issue as to dischargeability of the MBNA credit card debt and other debt. Plaintiff subsequently requested and was granted leave to file a Second Amended Complaint, which was filed on June 9, 2006 (Filing #17).

---

[1]Presumably, Plaintiff was asserting that Debtor's "hold harmless" obligations under the Divorce Decree regarding the credit card debt should be nondischargeable, as opposed to the credit card debt itself.

-1-

Interestingly, the Second Amended Complaint does not contain any allegations against Debtor and does not contain any allegations as to whether the obligations owed by Debtor under the Decree of Dissolution of Marriage are dischargeable.  Instead, the Second Amended Complaint makes numerous allegations with respect to Defendant MBNA, and the only prayer is that "the Court enter an Order preventing MBNA America Bank from seeking further recourse from Plaintiff, Ronald Kauffman, not Dismissing the Chapter 7 until a determination as to the debt of MBNA Bank is determined and for such other and further relief as the Court deems just and proper."  Accordingly, the dischargeability of Debtor's obligations to Plaintiff under their Decree of Dissolution of Marriage is no longer part of the operative pleading in this case.  It appears that Plaintiff's sole purpose in proceeding with the Second Amended Complaint and this Motion for Summary Judgment is to obtain a determination that he is not liable to MBNA on the indebtedness that MBNA claims is due.  In fact, at the conclusion of his brief (Filing #33), Plaintiff "asks that the United States Bankruptcy Court through this adversary proceeding determine that Ronald Kauffman, Plaintiff, does not owe the indebtedness to MBNA America."

As it sits today, the action before this Court does not involve an objection to a claim, an objection to discharge, a determination of dischargeability, or any of the other enumerated subjects of adversary proceedings.  Instead, Plaintiff, a non-debtor, is seeking a judicial determination that he is not liable on certain credit card indebtedness owed to MBNA, also a non-debtor party.  This is a dispute between two non-debtor parties.

28 U.S.C. § 157(b)(1) authorizes bankruptcy judges to hear all core proceedings arising under Title 11.  That section also confers jurisdiction on a bankruptcy judge to hear a matter that is not a core proceeding if it is otherwise related to a case under Title 11.  A proceeding is related to a bankruptcy proceeding if "the outcome * * * could conceivably have any effect on the estate being administered in bankruptcy."  *National Union Fire Insurance Company of Pittsburgh, PA. v. Titan Energy, Inc.*, *et al.*, 837 F.2d 325, 330 (8th Cir. 1988) (*citing In re Dogpatch U.S.A., Inc.*, 810 F.2d 782 (8th Cir. 1987).

The issue between the two non-debtors is simply whether Plaintiff is indebted to MBNA.  The resolution of that dispute will have no conceivable effect on the administration of the bankruptcy estate.  It can and should be addressed in state court.

Accordingly, the Court finds that the Second Amended Complaint against MBNA America is not a core proceeding and resolution of the dispute between Plaintiff and MBNA will have no conceivable effect on the administration of the bankruptcy estate.  Therefore, this Court does not have subject matter jurisdiction and the Second Amended Complaint should be dismissed as to MBNA.[2]

---

[2]Lack of subject matter jurisdiction is insusceptible to waiver, and may be waived at anytime during the course of an action by a party thereto, or by the Court *sua sponte*. *Ferren v. Searcy Winnelson Co. (In re Ferren)*, 227 B.R. 279, 282 (B.A.P. 8th Cir. 1998) (citations omitted).

With respect to the Debtor, Florence Kauffman, this Court does have jurisdiction to determine whether any indemnification or hold harmless obligation that Debtor may have to Plaintiff is dischargeable. However, such issue is not before the Court based upon Plaintiff's Second Amended Complaint. If Plaintiff desires to amend his Complaint to properly state a claim to determine the dischargeability of his former spouse's obligations under the Divorce Decree, he may do so. Plaintiff should be aware, however, that the credit card company is not a proper party to that proceeding. *See Beggs v. Niewdach*, 314 B.R. 401, 416 (Bkrtcy. E.D. Ark. 2004) (stating "[i]t is only the obligation owed to the spouse or former spouse which falls within the scope of § 523(a)(15); in the case of an obligation to pay a debt owed to a third party, it is the obligation to hold the spouse or former spouse harmless that is presumptively nondischargeable under this section.").

IT IS ORDERED:

1.  Plaintiff's Motion for Summary Judgment (Filing #35) is denied;

2.  Plaintiff's Second Amended Complaint (Filing #17) is dismissed as to Defendant MBNA America Bank. Separate judgment will be entered.

3.  With respect to Defendant Florence Kauffman, Plaintiff shall have 20 days from the date of this Order within which to file an Amended Complaint that is properly the subject of an adversary proceeding. If Plaintiff fails to do so within said 20-day period, Plaintiff's Complaint shall be dismissed in its entirety without further notice.

DATED: September 28, 2006

BY THE COURT:

/s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
　　*P. Stephen Potter
　　Steven P. Vinton
　　Richard Stanley Ralston
　　United States Trustee

Movant(*) is responsible for giving notice to all other parties not listed above if required by rule or statute.