IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. BK05-44184 |
| | ) | |
| FLORENCE JANELLE KAUFFMAN, | ) | CH. 7 |
| | ) | |
| Debtor. | ) | |
| RONALD KAUFFMAN, | ) | ADV. NO. A05-04114 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FLORENCE JANELLE KAUFFMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Hearing was held in Lincoln, Nebraska, on March 14, 2007, on a Motion to Dismiss filed by Defendant, Florence Kauffman (Fil. #49), and an Objection filed by Plaintiff, Ronald Kauffman (Fil. #51). P. Stephen Potter appeared for Plaintiff, and Steven P. Vinton appeared for Defendant Florence Kauffman. For the reasons discussed below, Defendant's Motion to Dismiss is denied.

Ronald and Florence Kauffman were divorced pursuant to a Decree of Dissolution of Marriage entered in the District Court of Dawson County, Nebraska, on January 18, 1994. As part of the Divorce Decree, Defendant was ordered to hold Plaintiff "harmless from the marital debt," which Plaintiff asserts includes certain credit card indebtedness owed to MBNA America Bank, N.A. ("MBNA"). On September 30, 2005, Florence Kauffman commenced a Chapter 7 bankruptcy proceeding, Case No. BK05-44184. As a result of such bankruptcy filing, Plaintiff commenced this adversary proceeding by filing his complaint objecting to the discharge of the MBNA debt and other debt.[1] Plaintiff amended his complaint on December 27, 2005 (Fil. #4), but the proceeding was still only against Florence Kauffman and only raised the issue as to dischargeability of the MBNA credit card debt and other debt. Plaintiff subsequently requested and was granted leave to file a second amended complaint, which was filed on June 9, 2006 (Fil. #17). That second amended complaint added MBNA as a defendant.

Plaintiff subsequently filed a motion for summary judgment (Fil. #24), which was resisted by MBNA. In an order dated September 28, 2006 (Fil. #39), this Court denied Plaintiff's motion for summary judgment and dismissed Plaintiff's complaint against MBNA. Specifically, this Court

---

[1] Presumably, since Florence Kauffman was the only defendant, Plaintiff was asserting that Florence Kauffman's "hold harmless" obligations under the Divorce Decree regarding the credit card debt should be nondischargeable, as opposed to the credit card debt itself.

found that the claims against MBNA by Plaintiff simply involved a dispute between two non-debtor parties and was not properly the subject of an adversary proceeding. However, as to Florence Kauffman, Plaintiff was granted a period of time within which to file an amended complaint that is properly the subject of an adversary proceeding.

On October 19, 2006, Plaintiff filed his third amended complaint (Fil. #42) with Florence Kauffman as the only defendant named therein. Further, on October 13, 2006, an order to show cause was issued as to why the case should not be dismissed for failure to file a pretrial statement. On December 1, 2006, this Court entered an order dismissing this case (Fil. #44) for failure to respond to the show cause order and due to the third amended complaint failing to state a claim upon which relief can be granted.

On December 8, 2006, Plaintiff moved for reconsideration of the dismissal (Fil. #45) and issued a notice and resistance deadline pursuant to Nebraska Local Rule of Bankruptcy Procedure 9013-1. Defendant did not resist the motion to reconsider, and on December 28, 2006, the motion to reconsider was granted (Fil. #47) and the prior order dismissing the case was vacated.

On January 12, 2007, Plaintiff filed his fourth amended complaint (erroneously entitled Second Amended Complaint) (Fil. #48). In this latest filing, Plaintiff "prays that the Court enter an Order determining the dischargeability of Defendant under the Divorce Decree regarding the MBNA credit card, and for such other and further relief as the Court deems just and proper."

At the hearing on Defendant's motion to dismiss, Defendant asserted two alternative theories. First, Defendant takes the position that Plaintiff's second amended complaint was not timely because it was not in proper form until the most recent amendment and that it was dismissed for a period of time.

Defendant's underlying Chapter 7 bankruptcy proceeding was filed on September 30, 2005. Therefore, it is an "old" law case, since it was filed before the bankruptcy amendments which became effective on October 17, 2005. The deadline for objecting to discharge in the underlying bankruptcy proceeding was set at January 16, 2006. The pre-BAPCPA version of 11 U.S.C. § 523(c)(1) provided that non-support debts incurred by a debtor in the course of a divorce or separation were automatically discharged unless the court determines the debt should be excepted from discharge in a proceeding commenced by the creditor. Plaintiff did file his first complaint herein against Defendant on December 23, 2005, well prior to the deadline for objecting to discharge. Thereafter, Florence Kauffman always remained a defendant in the various versions of the complaint filed by Plaintiff. It is true that at one period of time the complaint had been dismissed (Fil. #44), but the dismissal order was subsequently vacated (Fil. #47). Defendant did not resist or otherwise object to Plaintiff's motion to reconsider the dismissal. The dismissal order was vacated, this case has at all times been pending against Defendant, Florence Kauffman, and the initial complaint was filed in a timely manner and addressed discharge of her obligations on the MBNA debt. Therefore, the motion to dismiss the complaint as untimely is denied.

Defendant's second argument for dismissal is that the complaint fails to properly plead the requisite elements of a cause of action under former 11 U.S.C. § 523(a)(15), which provides that a Chapter 7 discharge does not discharge an individual debtor from any debt:

> (15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless –
> (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or
> (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor[.]

Specifically, Defendant asserts that Plaintiff's complaint needs to include allegations regarding Defendant's ability to pay. However, in the federal system, a complaint merely needs to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The current version of Plaintiff's complaint does so. It is not up to Plaintiff to plead facts regarding the situations addressed in subparagraphs (A) and (B) of the former version of 11 U.S.C. § 523(a)(15) since those are actually defenses to nondischargeability that may be raised by Defendant. In fact, Defendant has the burden of proof to show that one of the exceptions in subparagraphs (A) and (B) should apply. *Rush v. Rush (In re Rush)*, 237 B.R. 473, 475 (B.A.P. 8th Cir. 1999). Therefore, Defendant's motion to dismiss for failure to state a claim is also denied.

IT IS ORDERED: That Defendant's motion to dismiss (Fil. #49) is denied. Defendant shall have until April 2, 2007, to answer the fourth amended complaint or otherwise plead. Upon filing of Defendant's answer, the Clerk of the Court shall issue a pretrial order.

DATED: March 15, 2007.

BY THE COURT:

 /s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
  P. Stephen Potter
  *Steven P. Vinton
  Philip M. Kelly
  U.S. Trustee

Movant(*) is responsible for giving notice to all other parties not listed above if required by rule or statute.